MEADORS LUMBER COMPANY and
SOUTHERN FARM BUREAU CASUALTY
INSURANCE COMPANY *v.* Joseph WYSONG

77-226 557 S.W. 2d 395

Opinion delivered November 14, 1977
(Division II)

*Hardin, Jesson & Dawson,* for appellants.

*Jones, Gilbreath & Jones,* by: *Robert L. Jones, III,* for appellee.

FRANK HOLT, Justice. Appellants contend that there is no substantial evidence to support the Workmen's Compensation Commission's finding, and the circuit court's affirmance, that a hemorrhoidectomy was necessitated by the appellee's on-the-job injury. Appellants argue that the appellee was restored to his pre-injury condition by an incision and drainage of the thrombosed hemorrhoid and, therefore, the expense of the elective hemorrhoidectomy and additional benefits are not compensable.

Ark. Stat. Ann. § 81-1311 (Repl. 1976) provides in pertinent part that "[t]he employer shall promptly provide for an injured employee such medical, surgical, hospital, and nursing services . . . as may be reasonably necessary for the treatment of the injury received by the employee." Here the Commission made a factual determination that the hemorrhoidectomy was a reasonably necessary treatment of appellee's on-the-job aggravation of his pre-existing condition. On appeal from that finding, we view the evidence, although contradicted, in the light most favorable to the appellee, and if there is any substantial evidence to support the Commission's findings, its decision must be affirmed. *Stephens & Stephens v. Logan,* 260 Ark. 78, 538 S.W. 2d 516 (1976).

Here the appellee testified that he had experienced no problems with his hemorrhoid condition since and incision and drainage two years previously. His wife corroborated this testimony. The present physician testified by deposition that he anesthesized, opened, drained, and removed the blood clot from the appellee's thrombosed hemorrhoid. He recommended a definitive hemorrhoidectomy after the initial relief of appellee's severe pain. It was his opinion that "based on my examination and the history of the patient, the straining while lifting a load of heavy wire on a truck at work by Joseph Wysong aggravated his previous condition of hemorrhoids which necessitated a hemorrhoidectomy." Further, the reason for the recommendation of the operation was "ob-

vious" since "[h]e had already had one incised and drained, and here was another one." Although the appellee could have been back to work within a week had he not undergone the hemorrhoidectomy, the physician stated that appellee needed the operation more than the average person "[b]ecause thrombosed hemorrhoids is an indication of a hemorrhoidectomy, because they occur and reoccur and keep reoccurring. They can completely circumpass the entire anal canal, and then you have a complete necrotic, gangrenous, stinking, painful area that is imcompatible with normal breathing." He stated that he did not believe it fair to say the appellee was no more in need of a hemorrhoidectomy after the second attack than he was after the first attack because "he's had two previous attacks of this incision and draining of thrombosed hemorrhoid, and this indicates a considerable amount of anal-rectal disease, and that indicates hemorrhoidectomy. Period."

We hold there is ample substantial evidence to support the Commission's finding that the hemorrhoidectomy was reasonably necessary for proper treatment of appellee's condition.

Appellants also assert that the physician's letter report addressed to appellee's attorney should have been given no weight by the Commission. We disagree. Ark. Stat. Ann. § 81-1323 (c) provides that verified medical reports, as here, may be admitted into evidence and accorded such weight by the Commission as is warranted from all the evidence. Further, the letter report was admitted without objection. Suffice it to say that the weight to be accorded the report was within the province of the Commission and we cannot invade the province of the Commission as a factfinder with respect to the acceptance of physicians' opinions and diagnoses. *Williams* v. *Ark. Nursing Home*, 255 Ark. 880, 503 S.W. 2d 474 (1974).

As provided by Ark. Stat. Ann. § 81-1332 (Repl. 1976), appellee's attorney, as requested, is awarded $250 for his services on appeal.

Affirmed.

We agree: HARRIS, C.J., and ROY and HICKMAN, JJ.