DESOTO, INC. and ALLSTATE INSURANCE COMPANY *v.* Lucille PARSONS

CA 79-55                                    590 S.W. 2d 51

Opinion delivered October 31, 1979
Rehearing denied December 5, 1979
Released for publication December 5, 1979

*Hardin, Jesson & Dawson,* for appellants.

*Wiggins, Christian & Garner,* for appellee.

JAMES H. PILKINTON, Judge. This is a workers' compensation case. By an opinion of the Administrative Law Judge, claimant, Lucille Parsons, was awarded temporary total disability benefits continuing through an undetermined date, it being found that her healing period had not yet ended. From that decision, appellants perfected their appeal to the full Commission, which affirmed. Appeal was then taken to the Sebastian Circuit Court, which affirmed the decision of the Workers' Compensation Commission. From that decision, the appellants have perfected an appeal to the Supreme Court of Arkansas, and the case has been assigned to the Arkansas Court of Appeals under Rule 29(3).

On this appeal appellants post two arguments. One objection is that claimant failed to give timely notice of injury within the provisions of Ark. Stat. Ann. § 81-1317(a). Their other argument is that claimant has failed to establish by any

substantial evidence that she suffered an aggravation of a pre-existing infirmity in her back.

Respondents maintain that claimant at no time gave notice of a back injury during either of her two periods of employment with respondent-employer. The claim itself is for the previously mentioned aggravation occurring in early March, 1978. Testimony given by the claimant indicates that she experienced back pain during her first period of employment (November, 1976, until May, 1977) and that it forced her to leave work. She was re-employed in July, 1977, and the following September again began to experience back pain. She consulted Dr. Ralph Ingram in October, 1977, and was told that she had arthritis. Claimant returned to work and worked until March, 1978, when she quit because of persistent back pain.

Respondents insist that there was never any mention made in March, 1978, of a back injury necessitating her leaving work at that time. And that the period from which claimant had to give notice began running in September, 1977. Claimant filed a claim with the Commission on May 27, 1978.

Among the exceptions to the requirement in Section 81-1317(a) that notice of injury or death be given within sixty days after the date of such injury or death is subsection (c)(2) which provides that such failure of notice may be excused.

". . . if the Commission determines tnat the employer has not been prejudiced by failure to give such notice, . . ."

In its opinion the Commission made the following findings:

It is our view that claimant comes within this exception. It is clear in the claimant's testimony that she never really associated her back pain with any injury in the sense that the word would likely be comprehended by the lay mind. Claimant felt that she suffered from arthritis and was in fact told this by Dr. Ingram in October, 1977. After a brief absence from work following

this episode and after working for a few more months she again saw Dr. Ingram who referred her to Dr. Peter Irwin, an orthopedic specialist, in March, 1978. His diagnosis was of "degenerative disc disease, L5-S1." Claimant has not worked since March, but upon her quitting work she sought benefits under a union insurance program. Although she received one check, she was notified by her union that her benefits should be discontinued because of a letter they received from Dr. Irwin indicating claimant's disability to be work-related. They suggested that claimant apply for any benefits to which she felt entitled under the compensation policy carried by respondent-carrier. It was at this point that the claimant filed for compensation benefits.

Claimant was not in a position to give notice of injury because she wasn't aware, until notified by her union, that she had a claim cognizable under workers' compensation. Respondents were not prejudiced by this failure of notice — it hasn't deprived them of an opportunity to prepare a defense and to deny the claimant a hearing under these circumstances would be unfair. Claimant neglected to report her disability as work-related only because she never felt it to have been an "injury" as that word is commonly understood.

As there is substantial evidence to support this determination of the Commission, we find no merit in the argument made by appellants that appellee's notice of injury to the employer was not timely filed.

Appellants also argue that the other findings of the Workers' Compensation Commission are not supported by substantial evidence, and must therefore be reversed. We cannot agree. See *Bettendorf & Co.* v. *Kelly,* 229 Ark. 672, 317 S.W. 2d 708, for definition of accidental injury within the meaning of the act. Also *W. Shanhouse & Sons* v. *Sims,* 224 Ark. 86, 272 S.W. 2d 68, as to proof required to establish date of injury.

The Commission was obligated in this case to resolve in claimant's favor any reasonable doubt as to whether the

aggravation of a pre-existing condition grew out of and occurred within the course of her employment. *Brooks* v. *Wage,* 242 Ark. 486, 414 S.W. 2d 100. And on appeal from a decision of the Workers' Compensation Commission, this court must view the testimony in the light most favorable to Commission's findings, and will draw all reasonable inferences in that light. *Purdy* v. *Livingston,* 262 Ark. 575, 559 S.W. 2d 24. If there is any substantial evidence to support the Commission's findings, its decision must be affirmed. *Barksdale Lumber Company* v. *McAnally,* 262 Ark. 379, 557 S.W. 2d 868 (1977), *Meadors Lumber Co.* v. *Wysong,* 262 Ark. 425, 557 S.W. 2d 395 (1977).

Dr. Irwin was questioned concerning a causal relationship between appellee's employment and her condition, as follows:

Q. Dr. Irwin, as I understand her (claimant's) condition is a congenital type condition?

A. Part of it is sir, yes sir.

Q. What part of it is and what part of it isn't?

A. Well I have to clarify that a little bit. It's not basically a congenital problem so we will call it a developmental problem. . . . She has a developmental problem which is a curvature in her back and they call this an idiopathic scoliosis. . . . Because of the scoliosis, which is a side-ways curvature in her back, there's an awful lot of stress placed at the lower part of the back and because of this, there's a disc place there between the fifth lumbar and first sacral vertebrae begins to wear out, this is where the diagnosis of degenerative disc disease comes from.

Q. You've never made any contention have you Doctor that this was caused by her employment?

A. Not to my knowledge sir.

Q. The only thing you are saying is, that you feel like

the things that she did in her employment aggravated these pre-existing condition of scoliosis and degenerative disc disease?

A. Yes sir.

After a careful review of the evidence and resolving all reasonable doubts in favor of the Commission's findings, we have concluded that there is substantial evidence to support the opinion and award made by the Workers' Compensation Commission.

Affirmed.

PENIX, J., dissents.

MARIAN F. PENIX, Judge, dissenting. While I recognize a decision of the Workers' Compensation Commission has the same effect as a jury verdict, I cannot agree there is substantial evidence to support a finding the claimant suffered a compensable injury on or around March 1, 1978. There is no evidence to support the claimant's contention she ever reported a back injury to her employer, to the plant nurse, or to fellow workers.

There is no basis in the record for the finding the claimant suffered an injury arising out of and in the course of her employment on March 1, 1978. While it is not necessary for a claimant to point with absolute certainty to a *specific time of injury,* the claimant must still point to some injury or incident. The testimony of Dr. Irwin indicates the claimant has a developmental arthritic problem and that her job could have aggravated this condition resulting in her back problems. To make an award for the aggravation of a pre-existing condition, however, there must be a "reasonably clear history" of some injury or occurrence. *Green* v. *Lion Oil Co.,* 215 Ark. 305, 220 S. W. 2d 409 (1949); *Tri-State Construction Co.* v. *Worthen,* 224 Ark. 418, 274 S.W. 2d 352 (1955). More is required than a doctor's opinion, based upon the facts as related to him by the claimant, to show the aggravation of a pre-existing condition. It is necessary to show some incident which precipitates the aggravation.

Furthermore, the claimant never alleged an injury occurred on March 1, 1978. The claim for benefits alleged the injury occurred in September of 1977. The Workers' Compensation Commission had no evidence on which to date the injury as occurring on March 1, 1978.

I find there to be no substantial evidence to support the award. I would reverse and dismiss the claim. Therefore, I respectfully dissent.