# KEMPER INSURANCE COMPANY
## *v.* Charles G. BUCHHEIT

CA 80-352                                    609 S.W. 2d 660
Court of Appeals of Arkansas
Opinion delivered December 17, 1980
[Rehearing denied January 21, 1981.]

*Hubbard, Patton, Peek, Haltom & Roberts*, by: *William G. Bullock*, for appellant.

*Dowd, Harrelson & Moore*, by: *C. Wayne Dowd*, for appellee.

ERNIE E. WRIGHT, Chief Judge. This is an appeal from a decision of the Workers' Compensation Commission finding appellee sustained a compensable injury in September, 1977, in the course of his work for his insured employer and awarding benefits.

Appellant contends that there is no substantial evidence to support the finding claimant suffered a distinct compensable injury in September, 1977, that it was error for the Commission to find total and permanent disability because

the evidence showed claimant recently had rehabilitative surgery, and that if there was a separate injury in September, 1977, the Commission erred in failing to apply Ark. Stat. Ann. § 81-1313 (f) to diminish claimant's recovery.

From 1971 to September 1977, the date of the injury in question, appellee worked for General Telephone Company of the Southwest. In November, 1975, he suffered a compensable lumbar back injury, described as a strain. Examination by a neurosurgeon did not reveal any herniated disc, but did indicate a mechanically weak back. Appellee was hospitalized for about two weeks and returned to work within a short time after being discharged from the hospital. Medical expenses and other benefits were paid by appellant carrier. In September, 1976, while working for the same employer claimant sustained a second low back injury. The injury was diagnosed as an acute lumbosacral strain. He was hospitalized, treated conservatively and soon thereafter returned to his work. A claim for benefits for that injury was filed with the Texas Industrial Accident Board, and the claim was compromised on September 9, 1977, the sum of $2,000 waa paid to the claimant, and it was agreed future medical expenses incident to the injury would be paid by appellant during the following four year period.

On September 28, 1977, while working for the same employer in Northeast Arkansas claimant experienced a sharp pain in his lower back and left leg while attempting to unload a reel of telephone wire from a vehicle. There was evidence claimant promptly by telephone notified his physician in Texarkana of this incident and also his superior. He returned to Texarkana and was immediately hospitalized under the care of Dr. Davis who had treated him for the prior injuries. He was treated conservatively and later examined by an orthopedic surgeon. The examination did not include a myelogram and did not disclose a ruptured disc. He never recovered to the point he could return to work for General Telephone, and was able to do so only some limited part time electronic work from December, 1977 until November, 1978. In his work for the telephone company he earned approximately $278 per week.

Appellee continued to have severe back pain and a myelogram in February, 1979 revealed a ruptured disc. In late March, 1979, he was operated on for the ruptured disc.

In addition to the opinion expressed by the treating physician that appellee is totally and permanently disabled, the evidence shows appellee was examined by the employer's doctor to see if he could return to work and the result of that examination indicated he was not able to return to any kind of work for the employer. There was strong evidence on the part of appellee and his wife indicating appellee's total disability and that the disability continued subsequent to the surgery.

Appellant argues appellee's disability is a result of the 1975 injury, and that as there was a full settlement incident to both of the earlier injuries the present injury is not a separate compensable injury. However, the evidence shows appellee resumed work for his employer early after the 1976 injury and continued his work until the injury occurring on September 28, 1977. There was also medical testimony that the last injury could have aggravated appellee's weak back condition.

Whether the 1977 injury is regarded as being independent of the prior injuries or an aggravation of a previous back injury the resulting disability is compensable, and there is substantial evidence to support the finding the September, 1977, injury resulted in a ruptured disc and permanent disability. On appeal we review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings. *Firemen's Fund Insurance Co.* v. *Hill et al*, 255 Ark. 73, 498 S.W. 2d 865 (1973). *Reynolds Mining Co.* v. *Raper*, 245 Ark. 749, 434 S.W. 2d 304 (1968). *Desoto, Inc.* v. *Parsons*, 267 Ark. 665, 590 S.W. 2d 51 (Ark. App. 1979).

Appellee received in settlement of his claim arising out of the 1976 injury $2,000; however, it was not established appellee had a permanent disability as a result of the 1975 or 1976 injury or that any part of the $2,000 settlement was for weekly benefits. There was evidence the $2,000 was for sick leave benefits. Therefore, we are unable to say Ark. Stat. Ann. § 81-1313 (f) is applicable to diminish the award and

that the Commission erred in failing to make any allowance for that payment in the present award.

Affirmed.