John Mauzy Pittman, Judge.
 

 The appellant in this work-J ers’ compensation case, a Mexican national, was employed by appellee Martinez Packing Company to pick and pack produce on farms in Texas and Arkansas. On September 1, 2001, appellant and other workers were directed to clean a warehouse owned by appellee Holden-Conner Seed and Grain and used by appellee Martinez Packing Company to store produce. Appellant was injured while driving a forklift in the warehouse. He filed a claim for benefits that was denied, the Commission finding that appellant was not performing employment services at the time of the injury; that appellant’s injury was not compensable because it was the result of horseplay; and that the agricultural farm labor exemption was applicable to appellee Martinez Packing Company. This appeal followed.
 

 For reversal, appellant contends that the Commission erred in concluding that it was appellant’s burden to show that he was not engaged in horseplay; in finding that appellant’s injury was the result of horseplay; and in failing to impose liability for benefits upon appellee Holden-Conner Seed and Grain. We affirm.
 

 The Commission correctly rejected appellant’s contention that horseplay was an affirmative defense which must be proven by the employer. Arkansas Code Annotated section 11 — 9-102(4) defines the meaning of “compensable injury” in the Arkansas Workers’ Compensation Law, and specifically excepts from that definition injuries caused by participation in horseplay. Ark. Code Ann. § 11-9-102(4) (B)(i) (R.epl. 2002). Insomuch as the employee in a workers’ compensation case has the burden of proving a compensable injury, Ark. Code Ann. § 11-9-102(4)(E) (Repl. 2002); see Carman v. Haworth, Inc., 74 Ark. App. 55, 45 S.W.3d 408 (2001), the Commission correctly held that appellant in the present case had the burden to prove that he sustained an injury while engaged in the performance of employment services rather than while engaged in horseplay.
 

 Nor do we agree with appellant’s contention that the evidence is insufficient to support the Commission’s finding that his injury resulted from his participation in horseplay. In reviewing decisions from the Workers’ Compensation Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission’s findings and affirm if they are supported by substantial evidence, i.e., evidence that a reasonable person might accept as adequate to support a conclusion. Carman v. Haworth, Inc., supra. We will not reverse the Commission’s decision unless we are convinced that fair-minded persons with the same facts before them could not have reached the conclusions arrived at by the Commission. Wal-Mart Stores, Inc. v. Sands, 80 Ark. App. 51, 91 S.W.3d 93 (2002). Questions of weight and credibility are within the sole province of the Workers’ Compensation Commission, which is not required to believe the testimony of the claimant or of any other witness, but may accept and translate into findings of fact only those portions of the testimony it deems worthy of belief. Strickland v. Primex Technologies, 82 Ark. App. 570, 120 S.W.3d 166 (2003). Once the Commission has made its decision on issues of credibility, the appellate court is bound by that decision. Id.
 

 “Horseplay” has not been defined by statute or case law in Arkansas, except to note that its meaning is synonymous with the term “skylarking,” which is chiefly employed in English case law. Southern Cotton Oil Division v. Childress, 237 Ark. 909, 377 S.W.2d 167 (1964). This is instructive, as the verb “to skylark” describes a practice in which a sailor would run up and down the rigging of a ship in sport, graphically exemplifying the dictionary definition of “horseplay” as “rough or boisterous play.” Webster’s Third New International Dictionary (1961). In the present case, there was evidence that appellant was not authorized to operate the forklift but that, while the forklift operators were distracted by a fire, appellant got behind the wheel of the forklift, began driving the forklift very fast in tight circles “like a game,” and that he was “wasting time” and “playing” while doing so. On this record, we cannot say that the Commission erred in finding that the injury appellant sustained when the forklift overturned was the result of horseplay.
 

 Given our resolution of this question, the remaining issue raised by appellant concerning the liability of appellee Holden-Conner Seed and Grain is moot, and we do not address it.
 

 Affirmed.
 

 Stroud, C.J., and Crabtree, J., agree.