2009 Ark. App. 272

**PAT SALMON & SONS, INC., Appellant,**

v.

**Ricky C. PATE, Second Injury Fund, and Death & Permanent Disability Fund, Appellees.**

**No. CA 08–742.**

Court of Appeals of Arkansas.

April 15, 2009.

Rehearing Denied May 27, 2009.

Frye Law Firm, P.A., by: Cynthia E. Rogers, North Little Rock, for appellant.

Walker, Sharp & Harp, PLLC, by: Eddie H. Walker, Jr., Fort Smith, for appellee Ricky Pate.

David L. Pake, Little Rock, for appellee Second Injury Fund.

JOHN MAUZY PITTMAN, Judge.

This workers' compensation case involves compensability for physical and mental injuries sustained by a fifty-eight-year-old truck driver when he was forced off the road by another semi that turned into his vehicle. On direct appeal, the appellant employer argues that the Arkansas Workers' Compensation Commission erred in finding that the appellee employee sustained a nineteen-percent anatomical impairment as a result of his shoulder injury, in finding that the employee sus-

tained a sixty-percent wage-loss disability, and in finding that the Second Injury Fund was not liable for payment of any permanent disability benefits attributable to wage loss. On cross-appeal, the employee argues that the Commission erred in rejecting his claim that the statutory limitation of disability benefits to twenty-six weeks for mental injury or illness is unconstitutional; that, in any event, he was entitled to twenty-six weeks of disability benefits for his mental injury in addition to the more-than-twenty-six weeks of temporary-total disability he had already received; and that the Commission erred in finding that he was not permanently and totally disabled as a result of his compensable injuries. We affirm.

The first three issues to be decided are challenges to the sufficiency of the evidence to support the Commission's findings of fact. In determining the sufficiency of the evidence to support the findings of the Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings and affirm if they are supported by substantial evidence, *i.e.,* evidence that a reasonable person might accept as adequate to support a conclusion. *Morales v. Martinez,* 88 Ark.App. 274, 198 S.W.3d 134 (2004). We will not reverse the Commission's decision unless we are convinced that fair-minded persons with the same facts before them could not have reached the conclusions arrived at by the Commission. *Wal–Mart Stores, Inc. v. Sands,* 80 Ark. App. 51, 91 S.W.3d 93 (2002). Questions of weight and credibility are within the sole province of the Commission, which is not required to believe the testimony of the claimant or of any other witness, but may accept and translate into findings of fact only those portions of the testimony it deems worthy of belief. *Strickland v.*

*Primex Technologies,* 82 Ark.App. 570, 120 S.W.3d 166 (2003). Once the Commission has made its decision on issues of credibility, the appellate court is bound by that decision. *Id.*

With regard to the Commission's finding of the extent of appellee's anatomical impairment, appellant employer argues that the evidence does not support a finding of nineteen-percent anatomical impairment because the twenty-five-percent anatomical impairment rating assigned by Dr. J.K. Smeltz included thirteen percent for range of motion, which cannot properly be considered in determining the extent of an impairment. It is true that range-of-motion tests that are susceptible to the patient's control may not be considered in determining compensability, *see Mays v. Alumnitec, Inc.,* 76 Ark.App. 274, 64 S.W.3d 772 (2001). Here, however, the Commission expressly stated that it was basing its finding of anatomical impairment not on the range-of-motion studies, but instead on the thirty-two-percent impairment rating to the upper extremity assigned for the employee's joint-resection surgery. Reduced to its simplest terms, the employer's argument is that the thirty-two-percent upper extremity impairment rating (from which the finding of nineteen percent whole-body impairment was derived) is excessive because Dr. Earl Peeples said that it was excessive. This is simply an issue of credibility, which provides no basis for reversal in workers' compensation appeals. It is well established that, in determining whether there is substantial evidence to support a finding of the Commission, the appellate court must consider only that evidence that is most favorable to the Commission's finding, and interpret it and all reasonable inferences deducible therefrom in the light most favorable to those findings. *Barksdale Lumber Co. v. McAnally,* 262 Ark.

379, 557 S.W.2d 868 (1977). Unless it can be said that a physician's testimony was utterly without probative value, the question is one of the weight of the evidence rather than the substantiality thereof, *see id.*, and we are powerless to reverse the Commission's finding when it chooses to believe the testimony of one physician rather than that of another. *Lee v. Alcoa Extrusion, Inc.*, 89 Ark.App. 228, 201 S.W.3d 449 (2005).

Next, appellant employer asserts that the Commission's finding of sixty-percent wage-loss disability was "simply baseless," without "real justification or opinion to support it." We disagree. In support of its finding, the Commission considered the employee's nineteen-percent anatomical impairment resulting from his shoulder injury; the fact that the employee was terminated following his accident although he was not issued a citation for the incident; the employee's age of fifty-nine and the likelihood that he will be unable to return to his life's work as a commercial truck driver; and the admitted fact that the employee suffered a psychological injury as a result of the accident. The Commission's finding is thus squarely based on the wage-loss factors enunciated in *Glass v. Edens*, 233 Ark. 786, 346 S.W.2d 685 (1961), and its opinion contains an adequate discussion of the rationale that underlies that finding.

Appellant employer also contends that the evidence does not support the finding that the Second Injury Fund bears no liability in this case. It argues that the Fund must necessarily bear some liability because of the employee's preexisting injuries and medical conditions, notably a low-back injury sustained in 1982 for which he was assigned a five-percent physical impairment rating. This is simply not logical because it takes no account of the possibility that the employee's compensable injury was of itself sufficient to cause the employee's wage-loss disability without regard to his previous condition.

Second Injury Fund liability becomes a question only when (1) the employee has suffered a compensable injury at his present place of employment, (2) the employee had a prior permanent disability or impairment when he sustained the most recent injury, and (3) the prior disability or impairment combined with the recent compensable injury to produce the employee's current disability status. *Mid–State Construction Co. v. Second Injury Fund*, 295 Ark. 1, 746 S.W.2d 539 (1988). Here, the Commission found that the employee's nineteen-percent physical impairment rating was not shown to have combined with the prior impairment. It based this finding on evidence that the employee was able to return to gainful full employment after the prior injury and impairment rating; that the employee attributed all of his disability to the latest injury; and the lack of any testimony or documentary evidence to show that the current impairment rating resulted from a combination of the present and prior disability. We cannot say that this is not a substantial basis for finding that the Fund bears no liability in this case. *See Williams v. Arkansas Oak Flooring Co.*, 267 Ark. 810, 590 S.W.2d 328 (Ark.App.1979).

On cross-appeal, appellee/cross-appellant argues that the limitation in Ark. Code Ann. § 11–9–113(b)(1) (Repl.2002), allowing an employee only twenty-six weeks of disability benefits for a claim based on a mental injury or illness, is unconstitutional because there is no rational basis for treating mental injuries differently than physical injuries in this regard. This argument is premised on article 2, section 3 of the Arkansas Constitution, which guarantees equality before the law.

The standard for determining constitutionality in such cases is whether the General Assembly acted in an arbitrary manner to separate one class of persons from another, and the rational-basis test is applied to determine whether such a separation is arbitrary. *See Eady v. Lansford,* 351 Ark. 249, 92 S.W.3d 57 (2002). We think that there is a rational and legitimate public purpose for distinguishing between mental and physical injuries in this manner because mental injuries often cannot be confirmed by objective findings, and there is thus a greater potential for fraudulent claims being advanced, causing needless expense for taxpayers and employers alike. We also think that the General Assembly could reasonably decide that permitting more extensive benefits for mental injuries would act as a disincentive for workers suffering from legitimate mental injuries to devote themselves fully to psychological or psychiatric treatment and recovery. We hold that the limitation imposed by the statute does not violate Arkansas Constitution article 2, § 3.

Next, appellee/cross-appellant argues that, although he has already received more than twenty-six weeks of temporary-total disability benefits, he is entitled to an additional twenty-six weeks of benefits for his mental injury. We do not agree. Arkansas Code Annotated section 11–9–113(b)(1) provides that "[n]otwithstanding any other provision of this chapter, where a claim is by reason of mental injury or illness, the employee shall be limited to twenty-six (26) weeks of disability benefits." The statute is clearly designed to limit the duration of compensation for mental injuries, not to extend it beyond that to which the claimant is already entitled.

Finally, appellee/cross-appellant argues that the Commission erred in failing to find that he was permanently and totally disabled. This argument goes only to the weight of the evidence on this point, rather than to its sufficiency, and therefore states no grounds for reversal. *Barksdale Lumber Co. v. McAnally, supra.*

Affirmed on direct appeal; affirmed on cross-appeal.

GRUBER, J., agrees.

BAKER, J., concurs.