# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV–13–659

| | |
|---|---|
| JULIE GLASS | **Opinion Delivered** December 18, 2013 |
| APPELLANT | APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION [NO. F900762] |
| V. | |
| E Z MART STORES, INC., and AMERICAN ZURICH INSURANCE COMPANY | |
| APPELLEES | AFFIRMED |

### RHONDA K. WOOD, Judge

This workers' compensation case challenges the constitutionality of Ark. Code Ann. § 11-9-113(b)(1) (Repl. 2012), which limits an employee's claim for mental injury or illness to twenty-six weeks of disability benefits. Specifically, appellant contends that the statute is unconstitutional because there is no rational basis for treating mental injuries differently from physical injuries in this regard. We find the statute constitutional and affirm.

Appellant began working as a convenience-store cashier and clerk. After being on the job for five days, she was physically assaulted and raped at work. Following the attack, appellant filed a claim with the Arkansas Workers' Compensation Commission, claiming entitlement to permanent and total-disability benefits due to her depression, anxiety, and post-traumatic-stress disorder. Appellant also asserted that the limitation on benefits for

SLIP OPINION

mental injuries found in Ark. Code Ann. § 11-9-113(b)(1) was unconstitutional. The administrative law judge found that the appellant was permanently and totally disabled, but further found that the limiting statute was not unconstitutional. The full Commission affirmed, and this appeal followed.

Acts of the legislature are presumed constitutional and the party challenging the statute has the burden to prove otherwise. *Archer v. Sigma Tau Gamma Alpha Epsilon, Inc.,* 2010 Ark. 8, 362 S.W.3d 303 (2010). We resolve all doubts in favor of a statute's constitutionality. *Id.* We apply the rational-basis test to determine whether the legislature acted in an arbitrary manner by separating one class of persons from another. *Eady v. Lansford*, 351 Ark. 249, 92 S.W.3d 57 (2002). Under the rational-basis test, we presume the legislation is constitutional and rationally related to achieving a legitimate governmental objective under any reasonably conceivable fact situation. *Archer, supra.* If the court determines that a rational basis exists, then the statute will withstand the constitutional challenge. *Id.*

Our court examined the constitutional argument raised by appellant in *Pat Salmon & Sons, Inc. v. Pate*, 2009 Ark. App. 272, 307 S.W.3d 46. In *Salmon*, this court found that there were rational and legitimate purposes for distinguishing between mental and physical injuries. We determined that mental injuries often cannot be confirmed by objective findings, and the legislature could reason that this might result in a greater potential for fraudulent claims. *Id.* Further, we held that the legislature could have reasonably decided that permitting more extensive benefits for mental injuries would act as a disincentive for

workers suffering from legitimate mental injuries to devote themselves fully to treatment and recovery. *Id.*

We sympathize with the circumstances surrounding appellant's injuries. However, it is not this court's role to rewrite the legislation—it is for the legislature to reconsider the appropriateness of the twenty-six-week limitation, and we encourage it to do so. Here, appellant does not distinguish her argument from the failed argument in *Salmon.* We are constrained by the doctrine of stare decisis to affirm and continue to find that Ark. Code Ann. § 11-9-113(b)(1) is constitutional.

Affirmed.

HARRISON and GRUBER, JJ., agree.

*Martin Law Firm,* by: *Aaron L. Martin,* for appellant.

*Mayton, Newkirk & Jones,* by: *Mike Stiles,* for appellees.