COLEMAN'S BAR-B-QUE &
SHELBY MUTUAL INSURANCE
COMPANY *v.* Patricia FULLER

77-288                                    559 S.W. 2d 714

Opinion delivered January 9, 1978
(Division I)

*Laser, Sharp, Haley, Young & Huckabay, P.A.,* for

appellants.

*Bill H. Walmsley,* for appellee.

DARRELL HICKMAN, Justice. The facts in this Worker's Compensation appeal are essentially undisputed. The Commission found that Patricia Fuller, the appellee, suffered a compensable injury when she went outside her place of employment on to the parking lot, slipped, fell and injured herself. The Circuit Court of Independence County affirmed the commission as we do on appeal.

The appellants argue on appeal that the Commission erroneously applied the "personal comfort doctrine" in awarding compensation to the appellee.

Patricia Fuller, age 38, married for fifteen years, and the mother of six children, had been employed at Coleman's Bar-B-Que in Batesville for about six months. At first she did everything required of a waitress. About a month and a half before this incident she was promoted to manager. She usually worked from 11:00 a.m. until 7:00 p.m. and until 8:00 p.m. on Fridays and Saturdays. On Friday night, December 5, 1975, she had been told to work until 9:00 p.m. At about 7:30 or 8:00 p.m. she testified she thought she saw her husband drive up to Coleman's and then start to back out of the parking lot. It was raining. She went outside to see what her husband wanted, slipped on the parking lot surface, and fell injuring herself. She could not testify as to whether the person that drove up was her husband or not. The vehicle was gone before she could reach it.

Mrs. Fuller testified that essentially her duties were inside Coleman's although she was required as manager to see that the outside was generally clean. Occasionally it was necessary to go to a woodpile at the back of the premises.

The Commission in finding for Mrs. Fuller indicated that her action in going outside was an insubstantial deviation from her employment analogous to situations which are held compensable under the "personal comfort doctrine."

The appellants argue that the "personal comfort doc-

trine" is limited and does not encompass the deviation of the employee in this case. Larson on Workmen's Compensation defines the doctrine as:

> Employees who, within the time and space limits of their employment, engage in acts which minister to personal comfort do not thereby leave the course of employment, unless the extent of the departure is so great that an intent to abandon the job temporarily may be inferred . . . I Larson, *Law of Workmen's Compensation* § 21.00 (Ed. 1952).

Injuries suffered by employees, who at the precise moment of the accident, are not acting within the course and scope of their employment may be compensated if their temporary departure from the job is not great. The deviation in this case was obviously slight.

Mrs. Fuller's actions were so normal and understandable, and her deviation was so slight as to leave little room for serious argument that she should not be compensated under the Worker's Compensation Laws.

The appellee requests and we grant an additional attorney's fee in the sum of $250.00.

Affirmed.

We agree. HARRIS, C.J., and GEORGE ROSE SMITH and HOWARD, JJ.