Debbie DANIELS *v.*
ARKANSAS DEPARTMENT of HUMAN SERVICES

CA 01-911                                    72 S.W.3d 128

Court of Appeals of Arkansas
Division III
Opinion delivered April 10, 2002

*Kenneth A. Olsen,* for appellant.

*Thomas J. Pendowski,* Public Employee Claims Division, for appellees.

JOHN E. JENNINGS, Judge. The appellant, Debbie Daniels, appeals from the Commission's order denying her claim for benefits based on a finding that the car accident in which she was injured occurred at a time when she was not performing employment services. Her argument on appeal is that the Commission's decision is not supported by substantial evidence. We affirm.

The appellant was employed by appellee in the Division of Children and Family Services as a Social Services Aide II. Her duties consisted of transporting foster-care clients and completing paperwork related to the travel, as well as putting narrative reports into a computer. An estimated eighty percent of her job involved travel. When transporting clients, she used her own vehicle and

was paid twenty-eight cents per mile. Appellant had access to a cellular phone provided by appellee when she traveled outside of Pulaski County. Although it was not required by appellee, appellant had also purchased her own pager so that she could be reached while she was out of the office. Appellant testified that she was expected to be available to receive calls to transport clients at any time of the day. She also said that there were days that she did not get a regular lunch break. Appellant testified that, if paged during lunch, she would answer the page to find out what she was needed to do. She said that mileage was not claimed for travel on lunch breaks, unless a call was received during lunch for her to transport a client. Then, mileage was charged from the place of the lunch break to the destination.

Appellant worked in the office on the morning of September 10, 1999. She signed out for lunch at about noon. Before going home, she stopped to visit a client, but the client was not at home. Appellant then proceeded to her house where she ate a quick lunch. On her way back to the office, she was injured in a car accident. Appellant testified that she had not received a page or a call during lunch and that she was just returning to the office after her lunch hour. She claimed no mileage for this excursion.

The Commission determined that appellant's claim was not compensable because she was not performing employment services at the time of the accident. Appellant contends that there is no substantial evidence to support the Commission's decision.

■ ■ In reviewing decisions from the Workers' Compensation Commission, the appellate court views the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings, and we affirm if the decision is supported by substantial evidence. *Carman v. Haworth, Inc.*, 74 Ark. App. 55, 45 S.W.3d 408 (2001). Substantial evidence exists if reasonable minds could reach the same conclusion. *Lee v. Dr. Pepper Bottling Co.*, 74 Ark. App. 43, 47 S.W.3d 263 (2001). When a claim is denied because the claimant has failed to show an entitlement to compensation by a preponderance of the evidence, the substantial-evidence standard of review requires us to affirm if the Commission's opinion displays a substantial basis for the denial

of relief. *Clardy v. Medi-Homes LTC Serv. LLC*, 75 Ark. App. 156, 55 S.W.3d 791 (2001).

■ ■ Arkansas Code Annotated section 11-9-102(4)(A) (Supp. 2001) defines "compensable injury" as "[a]n accidental injury causing internal or external physical harm to the body . . . arising out of and in the course of employment." Section 11-9-102(4)(B)(iii) provides that the term "compensable injury" does not include an injury that was inflicted upon the employee at a time when employment services were not being performed. The statute does not define the phrase "in the course of employment" or the term "employment services." The supreme court has held, however, that we are to use the same test to determine whether an employee was performing "employment services" as is used when determining whether an employee was acting within "the course of employment." *Collins v. Excel Specialty Prods.*, 347 Ark. 811, 69 S.W.3d 14 (2002). The test is whether the injury occurred within the time and space boundaries of the employment, when the employee was carrying out the employer's purpose or advancing the employer's interest, directly or indirectly. *Id. See also Pifer v. Single Source Transp.*, 347 Ark. 851, 69 S.W.3d 1 (2002).

■ An employee is generally said not to be acting within the course of employment when he or she is traveling to and from the workplace. *Olsten Kimberly Quality Care v. Pettey*, 328 Ark. 381, 944 S.W.2d 524 (1997). Thus, the "going and coming" rule ordinarily precludes recovery for an injury sustained while the employee is going to or returning from work. *Lepard v. West Memphis Mach. & Welding*, 51 Ark. App. 53, 908 S.W.2d 666 (1995).

There are exceptions to this rule. For instance, in *Olsten Kimberly Quality Care v. Pettey, supra*, the court applied the "traveling men" exception where the employee's journey is considered part of the service or where travel is an integral part of the job. There, the court affirmed an award of benefits to a traveling nurse who was injured in a car accident en route to a client's home.

Conversely, in *American Red Cross v. Hogan*, 13 Ark. App. 194, 681 S.W.2d 417 (1985), we reversed the Commission's finding of compensability. In that case, the claimant was a nurse who

worked in a mobile unit that traveled to various locations to collect blood donations. She was involved in a car accident one day on her way to meet the mobile unit at a designated location. We held that the going and coming rule precluded an award of benefits. *See also, e.g., Campbell v. Randal Tyler Ford Mercury, Inc.,* 70 Ark. App. 35, 13 S.W.3d 916 (2000).

█ In the case at bar, the appellant was not engaged in the service of transporting clients when the accident occurred, nor had she received a call from appellee directing her to perform that service. She was thus not engaged in work-related travel. Instead, she was simply returning to the office after lunch when the accident took place. Because appellant was going to the workplace, we cannot conclude that she was carrying out the employer's purpose or advancing the employer's interest, either directly or indirectly, when the accident occurred. The Commission's decision displays a substantial basis for the denial of relief, and we affirm.

STROUD, C.J., and GRIFFEN, J., agree.