WAL-MART STORES, INC. *v.* Rebecca SANDS

CA 02-163 91 S.W.3d 93

Court of Appeals of Arkansas
Division II
Opinion delivered December 4, 2002

*Bassett Law Firm*, by: *Curtis L. Nebben* and *Nicole W. Fowler*, for appellant.

*Lane, Muse, Arman & Pullen*, by: *Shannon Muse Carroll*, for appellee.

JOHN MAUZY PITTMAN, Judge. The appellee in this worker's compensation case was struck by a cart and injured while she was returning her purse to her locker after a scheduled break. Wal-Mart denied her worker's compensation claim on the ground that she was not performing employment services at the time of the injury, later adding an allegation that her injury was not supported by objective medical findings. The Commission found that appellee had in fact been performing employment services when she was injured and that her injury was supported by objective medical findings. Wal-Mart appeals from the award of benefits to appellee.

For reversal, Wal-Mart contends that the Commission erred in finding that appellee was engaged in employment services when she was injured and in finding that appellee established her injury by medical evidence supported by objective findings. We affirm.

In reviewing decisions from the Workers' Compensation Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings, and we affirm if the decision is supported by substantial evidence. *Daniels v. Arkansas Department of Human Services*, 77 Ark. App. 99, 72 S.W.3d 128 (2002). Substantial evidence is that which a reasonable person might accept as adequate to support a conclusion. *Olsten Kimberly Quality Care v. Pettey*, 328 Ark. 381, 944 S.W.2d 524 (1997). We will not reverse the Commission's decision unless we are convinced that fair-minded persons with the same facts before them could not have reached the conclusions arrived at by the Commission. *White v. Georgia-Pacific Corp.*, 339 Ark. 474, 6 S.W.3d 98 (1999).

Viewing the evidence in the light most favorable to the Commission's findings, the record shows that appellee was employed as a cashier by Wal-Mart. To prevent employee theft, Wal-Mart prohibited cashiers from having any personal items other than a pen (for customer use) at the cashier station. All other personal items were to be kept in the employee's locker. On the day in question, appellee secured her personal possessions as required by the employee handbook that she signed at orientation, and reported to her cashier station. She worked until it was time for her regularly-scheduled fifteen-minute break, and, after placing her cash drawer in a safe under a supervisor's observation as required by Wal-Mart policy, she clocked out and returned to her locker, where she retrieved her cigarettes, lighter, and money for a soda. She then went to the designated breakroom where she purchased a soda and smoked a cigarette. When she finished her break, she returned to her locker to secure her personal items as she was required to do before returning to her cash register. As she was squatting to do so, another employee struck her in the back with the corner of a heavily-laden cart. Appellee clocked back in and immediately reported the injury to her supervisor.

██ ██ Wal-Mart argues that appellee's injury was not compensable because she was not performing employment services at the time of her injury. We disagree. Pursuant to Ark. Code Ann. § 11-9-102(4)(b)(iii) (Repl. 2002), an injury inflicted upon the employee at a time when employment services were not being performed is not compensable. The phrase "employment services" is not defined by statute, but has recently been interpreted by the supreme court. In an opinion expressly overruling all inconsistent prior opinions, the supreme court said that:

> Since 1993, we have twice been called upon to construe the statutory language found in sections 11-9-102(4)(A)(i) and 11-9-102(4)(B)(iii). *See White v. Georgia-Pacific Corp., supra,* and *Olsten Kimberly Quality Care, supra.* We have held that an employee is performing "employment services" when he or she "is doing something that is generally required by his or her employer. . . ." *White v. Georgia-Pacific Corp.,* 339 Ark. at 478, 6 S.W.3d at 100. *We use the same test to determine whether an employee was performing "employment services" as we do when determining whether an employee was acting within "the course of employment." White v. Georgia-Pacific*

> Corp., supra; Olsten Kimberley, supra. The test is whether the injury occurred "within the time and space boundaries of the employment, when the employee [was] carrying out the employer's purpose or advancing the employer's interest directly or indirectly." White v. Georgia-Pacific Corp., 339 Ark. at 478, 6 S.W.3d at 100 and Olsten Kimberly, supra.

Collins v. Excel Specialty Products, 347 Ark. 811, 816-17, 69 S.W.3d 14, 18 (2002) (emphasis supplied). Here, there was evidence that appellee, although clocked out, was in the middle of her shift and preparing to return to work from a break; that the injury occurred on Wal-Mart's premises at a place designated for appellee's use; and that, at the moment she was injured, appellee was returning her personal items to her locker as required by Wal-Mart as an integral part of a rather elaborate loss-prevention system designed to prevent employee theft. On this record, reasonable minds could quite clearly find that the injury occurred within the time and space boundaries of the employment, while appellee was carrying out Wal-Mart's purpose or advancing Wal-Mart's interest, and we therefore hold that the Commission did not err in finding that appellee was performing employment services at the time she was injured.

 Wal-Mart also argues that the Commission erred in finding that appellee established her injury by medical evidence supported by objective findings. We do not agree. Appellee was treated for a back injury. There was evidence that she experienced muscle spasms. Muscle spasms reported by a physician or occupational therapist have been held to fulfill the requirement of objective findings imposed by Ark. Code Ann. § 11-9-102(16) (Repl. 2002). Edens v. Superior Marble & Glass, 346 Ark. 487, 58 S.W.3d 369 (2001). Furthermore, Wal-Mart concedes that an MRI examination revealed a bulging disc at L4-5, as noted by the Commission, but argues that this does not constitute an objective finding because there was some medical evidence to show that an injury such as that sustained by the appellee would not normally result in a disc bulge. However, this argument goes to the weight of the evidence rather than to its sufficiency. It is well-established that the determination of the credibility and weight to be given a witness's testimony is within the sole province of the Workers'

Compensation Commission; the Commission is not required to believe the testimony of the claimant or any other witness, but may accept and translate into findings of fact only those portions of the testimony it deems worthy of belief. *Farmers Cooperative v. Biles*, 77 Ark. App. 1, 69 S.W.3d 899 (2002). The Commission has the duty of weighing the medical evidence as it does any other evidence, and its resolution of the medical evidence has the force and effect of a jury verdict. *Continental Express v. Harris*, 61 Ark. App. 198, 965 S.W.2d 811 (1998). On this record, we cannot say that the Commission erred in finding that appellee established her injury by medical evidence supported by objective findings. ·

Affirmed.

NEAL, J., agrees.

GRIFFEN, J., concurs.

WENDELL L. GRIFFEN, Judge, concurring. Appellants asserted in their brief that the Arkansas Supreme Court recently rejected a list of factors contained in a previous opinion of this court, *Matlock v. Arkansas Blue Cross Blue Shield*, 74 Ark. App. 322, 49 S.W.3d 126 (2001). These factors constitute a summary of existing Arkansas case law to determine whether conduct falls within the meaning of "employment services," as follows: (1) whether the accident occurs at a time, place, or under circumstances that facilitate or advance the employer's interests; (2) whether the accident occurs when the employee is engaged in activity necessarily required in order to perform work; (3) whether the activity engaged in when the accident occurs is an expected part of the employment; (4) whether the activity constitutes an interruption or departure, known by or permitted by the employer, either temporally or spatially, from work activities; (5) whether the employee is compensated during the time that the activity occurs; and (6) whether the employer expects the worker to cease or return from permitted non-work activity in order to advance some employment objective. *Matlock, supra*.

As the author of the *Matlock* opinion, I seize this opportunity to address the continuing viability of the *Matlock* factors, as the chance arises for the first time since the supreme court rulings in

question. Thus, I concur to emphasize that while our supreme court may have declined to adopt these factors formally, the supreme court did not hold that these factors are wrong. *Collins v. Excel Specialty Products*, 347 Ark. 811, 818, 69 S.W.3d 14, 19 (2002); *Pifer v. Single Source Transp.*, 347 Ark. 851, 858, 69 S.W.3d 1, 5 (2002) (decided the same day as *Collins*). Quite to the contrary, the supreme court quotes language from *Matlock* that essentially traces the factors in question in support of the supreme court's reasoning. *See Collins*, 347 Ark. at 818, 69 S.W.3d at 19; *Pifer*, 347 Ark. at 859, 69 S.W.3d at 5. Thus, the *Matlock* factors are viable and remain unchallenged, notwithstanding the fact that *Collins* stated that it overrules all prior decisions by this court to the extent that they are inconsistent with the *Collins* opinion.