Sharon R. DANIELS *v.* ARKANSAS WAFFLES, INC., and Fremont Indemnity Co.

CA 03-94                                        117 S.W.3d 653

Court of Appeals of Arkansas
Division IV
Opinion delivered September 17, 2003

*Appellant*, pro se.

*Roberts Law Firm, P.A.*, by: *Bud Roberts, Bruce D. Anible*, and *John D. Webster*, for appellees.

LARRY D. VAUGHT, Judge. This is a pro se appeal from a decision of the Workers' Compensation Commission denying appellant benefits finding that she was not performing employment services at the time of the accident. Appellant contends that the Commission's decision is not supported by substantial evidence. We disagree and affirm.

On September 28, 1999, appellant Sharon Renee Daniels (Marshall) slipped and fell at the Waffle House, which is owned by appellee Arkansas Waffles. She fractured her foot as a result of the fall and filed a claim for workers' compensation benefits, which was denied by appellee.

Appellant appeared pro se at the hearing before an administrative law judge. She performed the job of door corps (greeting customers) on Friday, Saturday, and Sunday, and waitress on Tuesday, Wednesday, and Thursday, but she cleaned anytime that she worked. Appellant testified that on Tuesday, September 28, she parked her car at the Waffle House, walked inside, and spoke to co-workers Debbie, Trish, and Liz, who told her she was not supposed to be at work. However, she stated that they all agreed that they were all going to work that day. She then went to clock in, but her time card was not there. She remembered that she had left it at home and told her co-workers that she would be back. When she returned, appellant parked her car at Taco Bell and walked to the Waffle House because she was afraid of something. Appellant testified that she clocked in[1] and prepared a bleach water bucket for washing dishes. She then looked for the schedule, which she found on the bulletin board above the table in the workroom. Appellant stated that when she backed away from the table to get her water bin, she fell to the floor after tripping over a carbon dioxide canister used for the soda machine. During her testimony at the hearing, appellant gave various explanations as to how she fell. Appellant testified that after she fell, Liz and Trish helped her up. She attempted to call her manager, Danny Schlinker, and then called the district manager named Mark, who told her to go to the hospital. She was treated in the emergency room at UAMS for a fracture in her foot, but subsequent x-rays were inconclusive regarding whether she had a fracture.

In addition to the above testimony, appellant testified that Schlinker told her that she could come in and clean anytime, even when she was not on the schedule. Schlinker denied telling appellant this, but stated that appellant did get extra hours cleaning on days that she was scheduled to work. He did not recall her ever cleaning on days she was not already scheduled to work.

---

[1] An exhibit contained in the record indicates that appellant clocked in at 18:36 (6:36 p.m.) and clocked out at 20:08 (8:08 p.m.).

Danny Schlinker testified that he was the unit manager at the Waffle House on September 28, 1999. He stated that he made the schedule and that appellant was not scheduled to work that day. He explained that she normally worked Tuesdays but that she had personally come to him and requested the day off for a school function. Schlinker testified that when he was not at the restaurant, the cook was in charge, but that he could not recall telling this to appellant. On the day of the accident, Debbie Haynes was the cook and it was her responsibility to make decisions regarding what employees were to do or not do. He testified that Haynes had the authority to send employees home if they were not on the schedule.

Debbie Haynes also testified at the hearing that she was in charge when Schlinker was not at the restaurant. She stated that when appellant first arrived, Haynes told her that she could go home because she was not on the schedule for that day and that she was not needed because there was enough wait staff present. Haynes had been told by Schlinker just before he left that appellant was not working that night. She testified that appellant did not go home, but instead walked back to the time clock. Haynes later learned that appellant clocked in and sat in the back for about ten minutes and then left. Haynes testified that appellant returned several hours later, but that Haynes was not certain why she was there. Haynes told appellant that she was not supposed to be on the floor when she was not working. Shortly thereafter, Liz came and told her that appellant had fallen on the floor in the back room. Haynes denied telling appellant that they were all going to work that day.

After the hearing, the administrative law judge found that appellant was not entitled to benefits because she failed to prove, by a preponderance of the evidence, that she suffered an injury at a time when employment services were being performed. The full Commission, in its de novo review, affirmed the decision of the ALJ, finding that appellant failed to prove by a preponderance of the evidence that she sustained a specific-incident injury and failed to prove that the alleged injury occurred during the course and scope of her employment. In finding that she failed to prove that she was performing employment services at the time the alleged injury occurred, the Commission relied on testimony that appellant was not scheduled to work that day, that the restaurant was fully staffed and she was not needed; and that she was told that she was not needed and should not be "on the floor."

■    In reviewing decisions from the Workers' Compensation Commission, the appellate court views the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings, and we affirm if the decision is supported by substantial evidence. *Daniels v. Arkansas Dep't of Human Servs.*, 77 Ark. App. 99, 72 S.W.3d 128 (2002). Substantial evidence exists if reasonable minds could reach the same conclusion. *Id.* When a claim is denied because the claimant has failed to show an entitlement to compensation by a preponderance of the evidence, the substantial-evidence standard of review requires us to affirm if the Commission's opinion displays a substantial basis for the denial of relief. *Id.*

■ ■    Arkansas Code Annotated section 11-9-102(4)(A) (Repl. 2002) provides that "compensable injury" means "an accidental injury causing internal or external physical harm ... arising out of and in the course of employment ... An injury is accidental' only if it is caused by a specific incident and is identifiable by time and place of occurrence[.]" Employment services are performed when the employee does something that is generally required by his or her employer. *Collins v. Excel Spec. Prod.*, 347 Ark. 811, 69 S.W.3d 14 (2002); *Pifer v. Single Source Transp.*, 347 Ark. 851, 69 S.W.3d 1 (2002). We use the same test to determine whether an employee was performing "employment services" as we do when determining whether an employee was acting within "the course of employment." *Collins, supra; Pifer, supra.* The test is whether the injury occurred "within the time and space boundaries of employment, when the employee [was] carrying out the employer's purpose or advancing the employer's interests directly or indirectly." *Collins, supra* at 817, 69 S.W.3d at 18; *Pifer, supra.*

■ ■    In the present case, both Mr. Schlinker and Ms. Haynes testified that appellant was not supposed to be working on the day of the incident. Ms. Haynes stated that she told appellant when she arrived that she was not supposed to be at work, that she could go home, and that she was not needed. While appellant's testimony regarding whether she was scheduled to work and whether the employees told her she could work anyway contradicts the testimony of Mr. Schlinker and Ms. Haynes, the Commission found appellant not to be credible. The determination of the credibility and weight to be given a witness's testimony are within the sole province of the Commission. *Farmers Coop. v. Biles,* 77 Ark. App. 1, 69 S.W.3d 899 (2002). In addition, Ms. Haynes

testified that when appellant arrived at work the second time on the day of the incident, she told appellant she was not supposed to be "on the floor" when she was not working. Based on our review of the evidence, we conclude that the Commission's decision that appellant was not performing employment services at the time of her alleged injury is supported by substantial evidence. Because there was substantial evidence to support the Commission's finding that appellant was not performing employment services at the time of her alleged injury, we need not address whether there is substantial evidence to support the Commission's finding that appellant failed to prove a specific-incident injury.

Affirmed.

STROUD, C.J., and BIRD, J., agree.