SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CV–14–955

|  |  |
|---|---|
| | **Opinion Delivered** April 1, 2015 |
| PULASKI COUNTY SPECIAL SCHOOL DISTRICT AND ARKANSAS SCHOOL BOARDS ASSOCIATION<br>APPELLANTS | APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION<br>[NO. G305434] |
| V. | |
| JEREMY LASTER<br>APPELLEE | AFFIRMED |

## BRANDON J. HARRISON, Judge

The Pulaski County Special School District and Arkansas School Boards Association (collectively called the "school district") appeal the Arkansas Workers' Compensation Commission's decision to award Jeremy Laster temporary total-disability benefits. We affirm.

## I. *Background*

For the past five to six years, Jeremy Laster has worked for the Pulaski County Special School District as a lighting specialist in the maintenance department. He typically performs manual labor from 6:30 a.m. until 5:00 p.m. On the Wednesday, Thursday, and Friday before Memorial Day weekend in May 2013, Laster worked at Sylvan Hills Middle and High School digging ditches and putting pipe in the ground. He claimed to have injured himself while on the job and pursued a compensation claim.

Laster testified at the administrative hearing that he experienced "serious" back pain beginning late Friday night or early Saturday morning, that it worsened over the weekend despite treating it with over-the-counter pain medicine, and that he went to St. Vincent's emergency room around 10:00 p.m. on Sunday night because he just "could not stand it." Laster's mother testified that she met Laster at the emergency room and he was "just about in tears" and "could not walk."

Laster was not scheduled to work on Memorial Day or the next day, which was Tuesday (May 28). On Tuesday, Laster saw his regular family physician, Dr. Roberts, to evaluate his ongoing back pain. On Wednesday morning (May 29), a day he was scheduled to work, Laster text messaged his immediate supervisor and told him that he could not work that day. The record contains a Form AR-N "Employee's Notice of Injury" from Laster, dated Wednesday 29 May 2013. Laster described his injury on the AR-N form as "riding ditch-witch bouncing around & pulling PVC pipe in ditch. Back & leg pain started in . . . 5-24-13. Ended up in ER on 5-26-13." The form has a "received" stamp dated 4 June 2013.

Laster's immediate supervisor, Franklin Thomas, testified before the ALJ that he "had no idea" that Laster was "claiming a back injury or anything at work" when Laster missed work through Friday May 31. Thomas reportedly told Laster that he needed a doctor's excuse before he returned to work, which was on June 7 or 8.

Laster received medical treatment for his back at Concentra on 5 June 2013. The records from the Concentra visit state, "Patient is a 32 year old male employee of Pulaski County Special School Dist[rict] who complains about his Back which was injured on

5.24.2013. . . . Patient states: 'was digging a ditch and pulling pipe thru the ditch.'" Laster was diagnosed with "lumbar radiculopathy" and "disc protrusion with nerve root compression L3/L4." An MRI showed a herniated disk on Laster's left side at L3–4. Laster continued to work for the school district until having surgery in August 2013 to correct the herniated disc.

Laster testified at the administrative hearing that he had no previous back or spinal problems and that he had not been to a doctor for any back problems before May 2013. One of Laster's medical records reported that he had some right-side low back pain in the past. But Laster denied that statement when questioned about it at the administrative hearing; he said that the medical record's account was either a mistake or a miscommunication. On cross-examination, the school district's counsel elicited the following testimony from Laster:

COUNSEL: Now, when I asked you in your deposition at what point and time and what day you were injured, you described it as Friday; is that right?

LASTER: Yes, sir.

COUNSEL: Ok. Is that the day you claim you were hurt?

LASTER: Yes, sir, that's the day we were pulling on pipe and really doing a bunch of digging here and there.

COUNSEL: And that was leading into the holiday weekend, which was Memorial Day and Riverfest and all of that?

LASTER: Correct.

COUNSEL: Ok. Now, the time of day, I asked you when you thought that was, and you said you thought it was probably between 2:00 and 4:00 that afternoon; is that right?

LASTER: Yes. Yes, sir.

COUNSEL:     Okay. So it would be Friday, the 24th between 2:00 and 4:00 in the afternoon was when you believed you were hurt; is that right?

LASTER:      Yes, sir.

Later, on recross-examination, defense counsel questioned Laster about a letter from his attorney:

COUNSEL:     Now, your attorney also sent a letter to me indicating that you claimed you were injured pulling wire and riding a ditch witch; do you see that?

LASTER:      Yes.

COUNSEL:     And he's got on [there] May 22nd, May 23rd, and May 24th.

LASTER:      Okay.

COUNSEL:     All right. But you're telling us here today, it was May 24th, that Friday.

LASTER:      I would just assume. I would assume it was either riding the ditch witch or when we pulled on that pipe.

COUNSEL:     Okay. And that's a guess?

LASTER:      You know, a lot goes on in three days when you're digging a ditch and trying to–

COUNSEL:     Sure, and I guess that's part of my point is you're assuming that's what injured your back, correct?

LASTER:      Yes, I mean, yeah. I mean–

COUNSEL:     Because you really don't know, do you sir?

LASTER:      No.

After considering all the testimony and medical evidence, the ALJ concluded that "the evidence discloses that [Laster] always attributed his injury to his employment activities" and that Laster proved "he sustained an injury to his back on May 24, 2013,

arising out of and in the course of his employment which caused internal harm to his body, in the form of an HNP at L3-L4 . . . and that the injury was caused by a specific incident." The Commission adopted and affirmed the ALJ's opinion. The school district's sole point on appeal is that the Commission erred in holding that Laster sustained a compensable injury arising out of and in the course of his employment.

## II. *Discussion*

In reviewing decisions from the Workers' Compensation Commission, we view the evidence and all reasonable inferences in the light most favorable to the Commission's decision and affirm if it is supported by substantial evidence. *Smith v. City of Ft. Smith*, 84 Ark. App. 430, 143 S.W.3d 593 (2004). Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. *Id.* The issue is not whether this court might have reached a different result from the Commission. *Id.* If reasonable minds could have reached the Commission's result, then we affirm. *Id.*

This case was tried as an accidental injury case, not a gradual-onset one. So Laster had the burden to prove, by a preponderance of the evidence, that he sustained an "accidental injury . . . arising out of and in the course of employment[.]" Ark. Code Ann. § 11-9-102(4)(A)(i) (Repl. 2012). "An injury is 'accidental' only if it is caused by a specific incident and is identifiable by time and place of occurrence[.]" Ark. Code Ann. § 11-9-102(4)(A)(i). In *Edens v. Superior Marble & Glass*, our supreme court held that "identifiable by time and place" meant subject to identification and did not require the claimant to specify the exact time of the occurrence. 346 Ark. 487, 492, 58 S.W.3d 369, 373 (2001). A claimant's inability to specify the exact date and the precise time of the

5

accidental injury is a credibility issue that the Commission may weigh. *Pafford Med. Billing Servs., Inc. v. Smith*, 2011 Ark. App. 180, 381 S.W.3d 921. Still, Laster must show a causal relationship between his employment and the injury. *Wal-Mart Stores, Inc. v. Westbrook*, 77 Ark. App. 167, 72 S.W.3d 889 (2002). Whether the causal connection exists is a fact question the Commission settles. *Jeter v. B.R. McGinty Mech.*, 62 Ark. App. 53, 59, 968 S.W.2d 645, 650 (1998).

The school district argues that Laster has failed to identify how he was injured at work, as shown by his testimony on recross-examination, so substantial evidence cannot support the Commission's compensable-injury finding. The school district points out that Laster did not notice any particular event at work that could have caused his injury (for example, he never said that he felt his back "pop" or something to that effect); nor did he display any physical problems at work or report any on-the-job injury until early June. In the school district's view, these are reasons to reverse the Commission.

We disagree. Laster's testimony was that he told his supervisor, Franklin Thomas, that he hurt his back riding equipment and pulling pipes. At the administrative hearing, Thomas confirmed that Laster was involved in putting pipe together and trenching ditches that week at work and that he knew Laster to be an "honest individual." Supervisor Thomas agreed that the equipment Laster was using "jerks you pretty good" and that sometimes with the pipe "you got to strain a little bit and pull on it." This corroborates Laster's account that he was pulling wires through the pipe on Friday, that the work was "strenuous," and that he had to pull "with all [his] might." The documentary evidence in the record consistently supports these accounts—or so the Commission could have

reasonably concluded—because the documents list the cause of Laster's May 24 back injury as "being jarred by a piece of equipment;" or "digging and pulling pipe;" or "digging a ditch and pulling pipe." There was no evidence of a non-work related injury or event that contradicts Laster's claim that he injured himself, at work, while digging ditches or pulling pipe between 2:00 p.m. and 4:00 p.m. on 24 May 2013.

We hold that substantial evidence supports the Commission's compensable-injury finding and the resulting benefit award. We have previously held that a claimant's inability to specify the exact date of an injury is a credibility issue that the Commission may weigh, and so it follows that Laster's struggle to pinpoint exactly how he was injured—whether it was from bouncing around on a "ditch witch," or "straining on pulling the pipe," or a combination of the two—was also a credibility issue the Commission could weigh and ultimately resolve in Laster's favor. The Commission's conclusion is reasonable; no one else provided a contravening story or account of how Laster was injured. *See Pafford*, *supra* (occurrence and cause of claimant's injury were corroborated by the medical evidence); *see also Wal-Mart Stores, Inc. v. Westbrook*, 77 Ark. App. 167, 168, 72 S.W.3d 889, 890 (2002) (claimant's shoulder was sore but he continued to work and pain increased over several months; injury was work-related and accidental). Laster's arguably inconsistent testimony on recross-examination does not necessarily defeat his case, given Laster's unrebutted account of events as a whole and the supporting medical evidence. Reasonable minds could conclude that Laster's May 24 back injury was caused by his strenuous activity at work.

The school district also argues that the Commission "faile[d] to take into consideration the notice defense raised by Appellants." But the school district did not obtain a ruling on this issue, so it is not preserved for review. *Cooper v. Hiland Dairy*, 69 Ark. App. 200, 11 S.W.3d 5 (2000).

### III. *Conclusion*

Substantial evidence supports the Commission's decision that Laster's herniated disc was an accidental injury arising from his employment with the school district. We therefore affirm its decision.

Affirmed.

VIRDEN and HIXSON, JJ., agree.

*Friday, Eldredge & Clark, LLP*, by: *Guy Alton Wade* and *Phillip M. Brick, Jr.*, for appellants.

*Philip M. Wilson*, for appellee.