**Bonnie MITCHELL, Administrator Of The Estate Of Gerald Wagner, Appellant,**

v.

**TYSON POULTRY, INC., Appellee.**

**No. CA 08–843.**

Court of Appeals of Arkansas.

Feb. 11, 2009.

Nolan Caddell & Reynolds, P.A., by Bennett S. Nolan, and Brian G. Brooks, Attorney at Law, PLLC, by: Brian G. Brooks, Greenbrier, for appellant.

Ledbetter, Cogbill, Arnold & Harrison, LLP, by: E. Diane Graham and Farrah L. Fielder, Fort Smith, for appellee.

JOHN MAUZY PITTMAN, Judge.

Appellant's decedent was employed by Tyson as a yard truck driver. His duties included spotting trailers around the yard

and to the loading dock, and checking the temperature of the trailers. He was given two thirty-minute breaks each day. The break time was unpaid. He could leave the premises during a break but was required to clock out and back in if he did so. The decedent generally took breaks in the wastewater section of the plant because a friend worked there. The decedent was returning from a break in the wastewater section and was crossing the yard where he worked en route to the office, where he reported after breaks to receive new assignments, when he was run over and killed by the junior spotter. The employer accepted the death as compensable and tendered workers' compensation benefits. Appellant administrator refused to accept them and contested compensability. The Commission found that the death was compensable under the Arkansas Workers' Compensation Act because the decedent was performing employment services at the time of his fatal injury. Appellant administrator argues that this was error as a matter of law. We find no error, and we affirm.

█ The exclusive remedy of an employee or his representative on account of injury or death arising out of and in the course of his employment is a claim for compensation under Ark.Code Ann. § 11–9–105 (Repl.2002). The Commission has exclusive, original jurisdiction to determine the facts that establish jurisdiction, unless the facts are so one-sided that the issue is no longer one of fact but one of law, such as an intentional tort. *VanWagoner v. Beverly Enterprises,* 334 Ark. 12, 970 S.W.2d 810 (1998).

█ Here, appellant argues that the Commission lacked jurisdiction. Specifically, appellant argues that the decedent was not performing employment services at the time of his fatal injury because, although his break was finished, he had not yet arrived at the office where he was to receive instructions regarding his subsequent duties. Appellant is mistaken. We have addressed this issue several times; the case of *Wal–Mart Stores, Inc. v. Sands,* 80 Ark.App. 51, 91 S.W.3d 93 (2002), is instructive:

> Pursuant to Ark.Code Ann. § 11–9–102(4)(b)(iii) (Repl.2002), an injury inflicted upon the employee at a time when employment services were not being performed is not compensable. The phrase "employment services" is not defined by statute, but has recently been interpreted by the supreme court. In an opinion expressly overruling all inconsistent prior opinions, the supreme court said that:
>
>> Since 1993, we have twice been called upon to construe the statutory language found in sections 11–9–102(4)(A)(i) and 11–9–102(4)(B)(iii). We have held that an employee is performing "employment services" when he or she "is doing something that is generally required by his or her employer...." *We use the same test to determine whether an employee was performing "employment services" as we do when determining whether an employee was acting within "the course of employment." The test is whether the injury occurred "within the time and space boundaries of the employment, when the employee [was] carrying out the employer's purpose or advancing the employer's interest directly or indirectly."*
>
> Here, there was evidence that appellee, although clocked out, was in the middle of her shift and preparing to return to work from a break; that the injury occurred on Wal–Mart's premises at a place designated for appellee's use; and that, at the moment she was injured,

appellee was returning her personal items to her locker as required by Wal–Mart as an integral part of a rather elaborate loss-prevention system designed to prevent employee theft. On this record, reasonable minds could quite clearly find that the injury occurred within the time and space boundaries of the employment, while appellee was carrying out Wal–Mart's purpose or advancing Wal–Mart's interest, and we therefore hold that the Commission did not err in finding that appellee was performing employment services at the time she was injured.

*Sands,* 80 Ark.App. at 54–55, 91 S.W.3d at 95 (quoting *Collins v. Excel Specialty Products,* 347 Ark. 811, 816–17, 69 S.W.3d 14, 18 (2002)) (internal citations omitted) (emphasis added by the court in *Sands* ).

The facts in the present case are essentially identical. The decedent had finished his break and was performing the employment service of returning to the office to obtain instructions. He was in the yard, his assigned work area, when the fatal injury occurred, and there was even evidence that arguably could support an inference that he was checking the temperatures of trailers while en route to the office. But no such evidence is required. It is undisputed that he was within the time and space boundaries of his employment, finished with his break, and en route to receive further instructions. This constitutes performance of employment services under *Sands.*

Affirmed.

HART and BROWN, JJ., agree.