SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV–15–59

| | |
|---|---|
| RAZORBACK CONCRETE and BERKLEYNET<br><br>APPELLANTS<br><br>V.<br><br><br><br>MICHAEL PERKINS, SR.<br><br>APPELLEE | **Opinion Delivered** JUNE 3, 2015<br><br>APPEAL FROM THE ARKANSAS WORKERS' COMPENSATION COMMISSION<br>[NO. G301956]<br><br><br><br>AFFIRMED |

**KENNETH S. HIXSON, Judge**

This is an appeal from a decision issued by the Arkansas Workers' Compensation Commission. Appellant Razorback Concrete appeals the award of benefits to appellee Michael Perkins, Sr., deceased. Razorback appeals the finding that Perkins was performing employment services at the time he was fatally injured. Razorback contends that this finding is not supported by substantial evidence and is an erroneous interpretation of the law. We affirm.

In reviewing Commission decisions, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's decision and affirm it if it is supported by substantial evidence. *Hill v. LDA Leasing, Inc.*, 2010 Ark. App. 271, 374 S.W.3d 268. Substantial evidence exists if reasonable minds could reach the Commission's conclusion, and we will not reverse unless fair-minded persons could not have

reached the same conclusion when considering the same facts. *Id.* We will reverse if the Commission's decision is based on an incorrect application of the law. *Id.*

Given the sole issue on appeal, we turn to the case law to determine when an employee is deemed to be performing employment services. A compensable injury is one that arises out of and in the course of employment, but it does not include one that is inflicted on an employee at a time when employment services are not being performed. *Wallace v. W. Fraser South, Inc.*, 365 Ark. 68, 225 S.W.3d 361 (2006). The Workers' Compensation Act does not define the phrase "in the course of employment" or the term "employment services." *Id.* Our supreme court has taken on the task of defining these terms in a manner that is compliant with the strict construction required of the Act. *Id.* Since 1993, the supreme court has held several times that the test is whether the injury occurred within the time and space boundaries of the employment, when the employee was carrying out the employer's purpose or advancing the employer's interest directly or indirectly. *Id.* This inquiry depends on the particular facts and circumstances of each case. *Texarkana Sch. Dist. v. Conner*, 373 Ark. 372, 284 S.W.3d 57 (2008).

Arkansas courts have held that injuries sustained by employees during restroom breaks and while employees are on their way to and from restroom facilities are compensable. *Pifer v. Single Source Transp.*, 347 Ark. 851, 69 S.W.3d 1 (2002); *Collins v. Excel Specialty Prods.*, 347 Ark. 811, 69 S.W.3d 14 (2002); *Matlock v. Ark. Blue Cross Blue Shield*, 74 Ark. App. 322, 49 S.W.3d 126 (2001). Additionally, injuries sustained by employees during required breaks that are found to benefit employers have also been found to be compensable. *See, e.g., Dearman*

SLIP OPINION

*v. Deltic Timber Corp.*, 2010 Ark. App. 87, 377 S.W.3d 301. We have held that an injury is compensable when it is clear that the injury occurred during a break that was solely to benefit the employer, even if the break was not required. *Hudak-Lee v. Baxter Cnty. Reg'l Hosp.*, 2010 Ark. App. 121.

Our case law further provides that, even when an employee is engaged in conduct permitted by the employer, if not specifically authorized by the employer, and nothing in the record indicates that the employee's actions are inconsistent with his employer's interests in advancing the work, then compensability may be found. *Wallace, supra* (holding that when offsite employee was returning to work from a permissible break while still on the clock and not in a manner inconsistent with employer's interest, the employee was performing employment services); *Mitchell v. Tyson Poultry, Inc.*, 104 Ark. App. 327, 292 S.W.3d 848 (2009) (holding that when employee was finished with his break and en route to receive further work instructions, this constituted performance of employment services). Once an employee has completed a deviation from employment, he or she is once again performing employment services. *Wood v. Wendy's*, 2010 Ark. App. 307, 374 S.W.3d 785.

If an injury occurs when the employee is not on company premises or property, this does not necessarily bar receipt of workers' compensation benefits, when the claimant must travel by the very nature of his or her employment. *See Sw. Ark. Dev. Council, Inc. v. Tidwell*, 95 Ark. App. 27, 233 S.W.3d 190 (2006). Special emphasis has been made and compensability has been found when the facts show that the employee is returning to work after a break. *Wallace, supra*; *Pifer, supra*; *Matlock, supra*. The Commission is bound to

examine the activity appellant was engaged in at the time of the accident when determining whether he was performing employment-related services. *See Smith v. City of Fort Smith*, 84 Ark. App. 430, 143 S.W.3d 593 (2004) (holding that the critical inquiry is whether the employer's interests were being directly or indirectly advanced by the employee at the time of the injury).

The facts are largely undisputed, as noted by the parties. Perkins had worked for Razorback for about ten years when he died on the morning of March 11, 2013. At approximately 4:30 a.m. that day, Perkins reported to his job as a tanker-truck driver. Perkins was dispatched in a truck from the company's West Memphis facility, and drove it to a Memphis facility for it to be loaded with raw Portland cement. From there, Perkins drove to the company's Blytheville facility for unloading, arriving shortly before 6:35 a.m. The employee responsible for opening the facility gates had not arrived to open the locks.

While waiting for the facility to be opened, Perkins drove a half mile to the only convenience store in that area, the Hard Hat. Perkins was not required to clock out. He was on paid company time and was not breaking any company policy by going to the convenience store. Perkins was responsible for the security and maintenance of the truck and its load while he was driving.

Razorback's area manager testified that the Blytheville plant opens between 6:30 and 7:00 a.m., not a set time. The manager stated that Perkins was never advised to refrain from stopping on his driving route; he was allowed to stop if he needed to. Perkins was not instructed on what to do if he found the facility gates locked. The manager explained that

the truck drivers "are kind of on their own. They are responsible for that. . . . He was not doing anything prohibited by going to the Hard Hat."

Perkins parked the truck on the shoulder of the road, directly across the five-lane highway from the store. He crossed the highway on foot, entered the store, bought a breakfast sandwich and a drink, and left to return to the truck. Perkins attempted to cross the highway, making his way to the center turn lane, but he was struck by a vehicle and died a few hours later from blunt-force trauma. The police report and death certificate recited the time of the accident as 6:44 a.m.[1]

On this evidence, the Commission found that Perkins was performing employment services at the time he was injured. The Commission reviewed numerous appellate cases on this subject and found that the truck and its load remained the responsibility of Perkins, that this break was reasonable and permitted by the employer, that the employer's facility to which Perkins drove was not open and prevented Perkins from completing his work task at that time, and that Perkins was injured after finishing his break, ending any deviation and returning to his truck to complete his delivery. The Commission found that the act of his walking back to his truck "was clearly an act of returning to his job duties" and constituted performance of employment services.

On appeal, Razorback argues that Perkins was not actually back in his work truck or on company property at the time he was injured. Further, Razorback contends that Perkins

---

[1]The death certificate also listed this as an accident occurring at work.

remained on a purely personal deviation from his work at the time of his injury. We cannot agree.

Perkins was on paid company time, responsible for his truck during his workday, a half mile away from the employer's locked and gated facility, and returning to work after this permissible deviation had been completed. Whatever "employment services" means must be determined within the context of individual cases, employments, and working relationships, not generalizations made devoid of practical working conditions. *Engle v. Thompson Murray, Inc.*, 96 Ark. App. 200, 239 S.W.3d 561 (2006). We hold that the Commission's decision is not erroneous because reasonable minds could conclude as the Commission did.

Affirmed.

GLADWIN, C.J., and VIRDEN, J., agree.

*Friday, Eldredge & Clark, LLP*, by: *Guy Alton Wade* and *Phillip M. Brick, Jr.*, for appellants.

*Orr Willhite, PLC*, by: *M. Scott Willhite*, for appellee.